**WO**                                                                                                   KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rockney Willard Martineau,  )  No. CIV 08-1214-PHX-SMM (JRI)
)
  Petitioner,  )  **ORDER**
)
vs.  )
)
Warden Darlene Elliot, et al.,  )
)
  Respondents.  )
)

      Petitioner Rockney Willard Martineau, who is confined in the Arizona State Prison Complex-Kingman, has filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody and has paid the filing fee. The Court will dismiss the Petition without prejudice.

**I.**     **Petition**

      Plaintiff challenges his December 14, 2007 judgment of conviction in Maricopa County Superior Court, case numbers CR 2006-030247 and CR 2007-101503, for Fraudulent Schemes, Theft of a Means of Transportation, and Forgery.

      Petitioner states that he presently has a Rule 32 petition pending in the Maricopa County Superior Court, which he filed on June 6, 2008.

**II.**    **Exhaustion**

      Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526

1 U.S. 838, 842 (1999). To exhaust a claim, a petitioner must describe both the operative facts
2 and the federal legal theory so that the state courts have a "fair opportunity" to apply
3 controlling legal principles to the facts bearing upon his constitutional claim. Kelly v. Small,
4 315 F.3d 1063, 1066 (9th Cir. 2003). In cases not carrying a life sentence or death penalty,
5 claims are exhausted once the Arizona Court of Appeals has ruled on them. See Swoopes
6 v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

7 In light of the pending proceedings in state court, which could affect Petitioner's
8 sentence and which could also ultimately affect these proceedings, it would be inappropriate
9 for this Court to rule on Petitioner's claims at this time. See, e.g., Sherwood v. Tomkins, 716
10 F.2d 632, 634 (9th Cir. 1983) (even where claim to be challenged has been finally settled in
11 state courts, petitioner must await outcome of his appeal in state court before remedies are
12 exhausted); Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (*per curiam*) (pending post-
13 conviction proceedings precluded grant of writ of habeas corpus). Because this habeas
14 action is premature, the Court will dismiss the case without prejudice.

15 Accordingly,

16 **IT IS HEREBY ORDERED** that the Petition (Doc. #1) and this action are **dismissed**
17 **without prejudice**.

18 **IT IS FURTHER ORDERED** that the Clerk of Court must close the case and enter
19 judgment accordingly.

20 DATED this 12th day of August, 2008.

Stephen M. McNamee
United States District Judge